**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Joyce Bruer, | No. CV-18-01843-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Phillips Law Group PC, *et al.*, | |
| Defendants. | |

At issue is Plaintiff Jane Joyce Bruer's *ex parte* Motion for Leave to File Under Seal Plaintiff's Complaint and/or Complaint Exhibits A-BB (Doc 1, Mot.).

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related to the merits" of a case, the party seeking to seal the document must demonstrate "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at 1103.

Undoubtedly, the Complaint—and those exhibits included with the Complaint—are "more than tangentially related to the merits" of this matter. Thus, Plaintiff must

demonstrate "compelling reasons" to justify keeping the documents under seal. In the Motion, Plaintiff argues that such reasons exist because "the Complaint and Exhibits disclose private information regarding Plaintiff and Defendants" and that they "involve highly sensitive matters concerning the Defendants and public disclosure of the information would potentially be prejudicial to the Defendants as well as embarrassing." (Mot. at 2.) Neither is a compelling reason justifying sealing the Complaint and its attachments. *See O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *1 (N.D. Cal. Jan. 27, 2015) (finding that the possibility of embarrassment insufficient to justify sealing of court records). However, should Plaintiff choose to file the Complaint, they shall comply with the provisions contained within Federal Rule of Civil Procedure 5.2(a), which restricts the filing of certain personal information.

IT IS THEREFORE ORDERED denying Plaintiff's Motion for Leave to File Under Seal Plaintiff's Complaint and/or Exhibits A-BB (Doc. 1). Plaintiff is directed to file the Complaint in compliance with the Federal Rules of Civil Procedure by July 16, 2018.

IT IS FURTHER ORDERED directing the Clerk of Court to unseal this matter and Docs. 3, 4, 5.

IT IS FURTHER ORDERED directing to Clerk of Court to dismiss this action, without further Order of the Court, if Plaintiff fails to file the Complaint by July 16, 2018.

Dated this 26th day of June, 2018.

_____
Honorable John J. Tuchi
United States District Judge