**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Joyce Bruer,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Phillips Law Group PC, *et al.*,<br><br>　　　　Defendants. | No. CV-18-01843-PHX-JJT<br><br>**ORDER** |

　　　At issue is Defendant Sedgwick Claims Management Services, Inc.'s ("Sedgwick") Motion for Judgment on the Pleadings (Doc. 73, Mot.), to which *pro se* Plaintiff Jane Joyce Bruer filed a Response (Doc. 87, Resp.) and Defendant filed a Reply (Doc. 95, Reply).

**I.　　BACKGROUND**

　　　Plaintiff was terminated from her employment with Phillips Law Group ("PLG") in June 2017, after which she filed suit against several Defendants. (Doc. 44, Am. Compl. ¶ 228.) At issue here are the three Arizona state law claims that Plaintiff brought against Defendant Sedgwick for breach of good faith and fair dealing, invasion of privacy, and breach of fiduciary duty. (Am. Compl. ¶¶ 564–653.) The Court addressed these claims as brought against a separate Defendant in its recent Order granting Defendant Ritsema & Lyon, P.C.'s Motion to Dismiss (Doc. 109).

　　　Several months before her termination, Plaintiff suffered a work injury to her right knee. (Am. Compl. ¶ 252.) She filed an injury report, and a workers' compensation claim

was opened with PLG's insurance carrier, Defendant American Family Insurance.[1] (Am. Compl. ¶ 257.) Sedgwick was the insurance adjuster on the claim. When Plaintiff was terminated soon after, her claim was closed. (Am. Compl. ¶ 258.) Plaintiff believed she was entitled to compensation and thus filed a request for a hearing with the Industrial Commission of Arizona. (Am. Compl. ¶ 260.)

At times, it is difficult to decipher the facts as presented in Plaintiff's voluminous Complaint, as she alleges various misdeeds were undertaken by Sedgwick, American Family, and Ritsema & Lyon, P.C., but it is unclear whether Plaintiff alleges that all three Defendants were involved in all of the wrongdoing. As best as the Court can tell, Plaintiff alleges that she requested her personnel file for her Industrial Commission hearing, and both Sedgwick and its attorneys at Ritsema & Lyon were responsible for refusing to provide Plaintiff with her file. (Am. Compl. ¶ 259.)

When Defendants did comply with this request, Plaintiff alleges that a Defendant (who appears to be an attorney employed by Ritsema & Lyon) "caused an unsecure .pdf file, with many pages containing the Plaintiff's social security number, address, phone number, date of birth and or account number, without first applying required redactions, to be transmitted via the internet without password protection." (Am. Compl. ¶ 603.) It is this transmission of her information to her own email account that Plaintiff relies upon for her invasion of privacy claim. (Am. Compl. ¶¶ 601–35.) Additionally, Plaintiff alleges that Defendant breached its fiduciary duty to her by sending her information via email. (Am. Compl. ¶¶ 636–53.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), "a party may move for judgment on the pleadings" after the pleadings are closed "but early enough not to delay trial." A motion for judgment on the pleadings pursuant to Rule 12(c) challenges the legal sufficiency of

---

[1] In the Court's recent Order granting Defendant Ritsema & Lyon, P.C.'s Motion to Dismiss, the Court mistakenly named Sedgwick as PLG's insurance carrier. (Doc. 109 at 2.) It is clear now, from the instant briefing, that Sedgwick was the insurance adjuster—Defendant American Family was the carrier. (*See* Mot. at 7–8.)

the opposing party's pleadings. *Westlands Water Dist. v. Bureau of Reclamation*, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).

A motion for judgment on the pleadings should only be granted if "the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Judgment on the pleadings is also proper when there is either a "lack of a cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(c) motion, "all factual allegations in the complaint [must be accepted] as true and construe[d] . . . in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings under Rule 12(c) is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Deveraturda v. Globe Aviation Sec. Servs.*, 454 F.3d 1043, 1046 (9th Cir. 2006) (internal citations omitted).

A Rule 12(c) motion is functionally identical to a Rule 12(b) motion to dismiss for failure to state a claim, and the same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Specifically, a complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). While a complaint does not need to "contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

### A. Breach of Good Faith and Fair Dealing

Defendant argues that, while "the covenant of good faith and fair dealing is implied in every insurance contract," Defendant was not a party to any such agreement between Plaintiff and her insurer and thus the Court must grant judgment for Defendant on Plaintiff's bad faith claim. (Mot. at 5.) Plaintiff responds that claims adjusters like Defendant—even when they are non-parties to the insurance agreement—may be liable for breach of good faith and fair dealing. (Resp. at 8.)

As Plaintiff's Complaint stands currently, the Court must grant Defendant's Motion on the bad faith claim. Defendant cites to *Walter v. F.J. Simmons*, an Arizona case that explains an insurance adjuster "had no contractual duty to the plaintiff." 818 P.2d 214, 222 (Ariz. Ct. App. 1991). Based on this authority, insurance adjusters like Sedgwick normally owe no contractual duty to an insured to act in good faith. *Id.* But Plaintiff cites to several cases where insurance adjusters have been liable for bad faith because they are engaged in a joint venture with the insurer. (Resp. at 8–9). Defendant acknowledges these cases but argues that they are inapplicable here because Defendant is not in a joint venture with the insurer and Plaintiff did not plead a joint venture theory of liability. (Reply at 3 n.1.)

In *Sparks v. Republic National Life Insurance Company*, which both parties cite in their briefs, the Arizona Supreme Court found that an insurer and adjuster were jointly and severally liable for bad faith because the two had engaged in a joint venture. 647 P.2d 1127 (Ariz. 1982). The court held that a true joint venture "requires an agreement, a common purpose, a community of interest, and an equal right of control," such that "it may be said that the partners or persons engaged in the common enterprise are subject to a common duty." *Id.* at 1138. As an Arizona court later explained, such a joint venture was evident in *Sparks* because the adjuster "issued certificates of coverage, billed and collected premiums, handled the investigation and payment of claims, and distributed brochures to induce the purchase of policies." *Farr v. Transamerica Occidental Life Ins. Co.*, 699 P.2d 376, 386 (Ariz. Ct. App. 1984). The court further characterized profit sharing and a joint right to

- 4 -

control as the "classical elements of a joint venture." *Id.*

If Plaintiff had alleged any of the elements of a joint venture and it was plausible from the face of her Amended Complaint that Sedgwick was engaged in such with American Family, the Court could sustain Plaintiff's claim for bad faith against Sedgwick. Perhaps recognizing this, Plaintiff requests leave to amend her Amended Complaint, though she does not explain what she would change if given the chance. (Resp. at 11.) Defendants argue that the Court should not grant leave to amend because "[i]n the over 700 allegations contained in Plaintiff's Complaint, there are no allegations suggesting a claim for aiding and abetting or joint venture would be anything but futile." (Reply at 5 n.3.)

The Court will grant Plaintiff leave to amend her Complaint only as to this claim against Sedgwick. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000) (holding that if a defective complaint can be cured the plaintiff is entitled to amend it before the action is dismissed). If Plaintiff has factual support for the proposition that Sedgwick and American Family were in a joint venture and chooses to amend, she must allege non-conclusory facts that give rise to a plausible claim that Sedgwick and American Family were engaged in a joint venture. *See* Fed. R. Civ. P. 11(b). If the amendment does not produce a plausible allegation of a joint venture, judgment for Defendant will stand under the traditional Arizona rule that exempts insurance adjusters from bad faith liability.

### B. Invasion of Privacy/Intrusion Upon Seclusion

The Court will grant Defendant's Motion on the invasion of privacy claim for the same reasons it granted Defendant Ritsema's Motion on the identical claim. (Doc. 109 at 5.) Put simply, possessing information that Plaintiff handed over willingly[2] does not rise to the level of invading Plaintiff's privacy. In the Restatement, invasion of privacy contemplates a true invasion, such as "opening [] private or personal mail, searching [a] safe or [] wallet, examining [a] private bank account, or compelling [] by forged court order

---

[2] It makes no difference that Plaintiff was required to provide the information in order to process her workers' compensation claim. (*See* Resp. at 10.) Plaintiff made the choice to pursue the claim knowing that her personal information would be required.

- 5 -

to permit an inspection of [] personal documents." Restatement (Second) of Torts § 652B cmt. b. All of these suggest the act of invading a space or virtual space which the defendant had no right to enter—not obtaining information with permission and then transmitting that information back to its owner via email. While Plaintiff may take issue with Defendant's security measures, she has not plausibly alleged an invasion of privacy and thus the Court need not reach the question of whether her Complaint satisfactorily alleges that the invasion would be "highly offensive to a reasonable person."[3]

### C. Breach of Fiduciary Duty

While Plaintiff argues that "[w]hether a fiduciary relationship exists is a question of fact for the jury" (Resp. at 10), Defendant urges the Court to grant judgment on Plaintiff's breach of fiduciary duty claim because "the trial court has a duty to decide the issue [as a matter of law]" when evidence does not support a finding of a fiduciary relationship. (Reply at 5 (quoting *Rhoads v. Harvey Pubs., Inc.*, 700 P.2d 840, 846 (Ariz. Ct. App. 1984)).) Plaintiff is correct that this issue is usually reserved for a jury, but Arizona courts have ruled as a matter of law on the existence of a fiduciary or confidential relationship where the alleged facts in the Complaint and the arguments in relevant briefs do not give rise to any inference of such a relationship. *See Herz & Lewis, Inc. v. Union Bank*, 528 P.2d 188, 190–91 (Ariz. 1974); *Brazee v. Morris*, 204 P.2d 475, 477 (Ariz. 1949) ("From the record we can say as a matter of law that no confidential relationship can be found to have existed between the parties.").

Here, Plaintiff has not alleged any facts that plausibly suggest a fiduciary relationship between herself and Defendant. She alleges a relationship based on Defendant's "superiority of position" over her, arguing that Defendant had such power because it was "entitled to the Plaintiff's social security number by virtue of the Arizona Workers' Compensation Act." (Resp. at 10.) But possession of Plaintiff's personal

---

[3] The Court need not reach Defendant's argument that "Plaintiff fails to allege that *this Defendant* was responsible for the transmitted information" because an attorney of Ritsema and Lyon, P.C. was the one who sent the email. (Mot. at 4.) The Court will refrain from evaluating whether the attorney acted on behalf of Sedgwick and whether that imputes any liability to Sedgwick because the Court already dismissed the identical claim against the attorney herself. (Doc. 109 at 5.)

information does not render Defendant a fiduciary. Rather, a fiduciary relationship typically requires an alignment of interests. *See In re Guardianship of Chandos*, 504 P.2d 524, 526 (Ariz. Ct. App. 1984) (finding that a confidential relationship arises "by reason of . . . business [] relations that would reasonably lead an ordinarily prudent person in the management of his business affairs to repose that degree of confidence in another which largely results in the substitution of that other's will for his").

Defendant argues that not even an insurer—let alone an insurance adjuster—is subject to a fiduciary relationship under this definition. It is true that while an "insurer has 'some duties of a fiduciary nature,' including '[e]qual consideration, fairness and honesty," those duties do not give rise to a breach of fiduciary duty except in cases where the insurer's conduct constitutes bad faith. *Zilisch v. State Farm Mutual Auto. Ins. Co.*, 995 P.2d 276, 279 (Ariz. 2000) (quoting *Rawlings v. Apodaca*, 726 P.2d 565, 570 (Ariz. 1986)). Thus, the appropriate cause of action would be an insurance bad faith claim—not one for breach of fiduciary duty. *See Kovacs v. Sentinel Ins. Co. Ltd.*, 16-CV-00964-PHX-DGC, 2016 WL 3570475 at \*2 (D. Ariz. July 1, 2016) ("Insurers owe no other fiduciary duties that could give rise to a claim in the absence of bad faith."). And here, Plaintiff has already brought a claim for insurance bad faith (or breach of the covenant of good faith and fair dealing) against Defendant. Thus, Plaintiff cannot sustain an additional claim for breach of fiduciary duty, especially where the factual allegations against Defendant are sparse and void of any indication of a relationship based on mutual interests. The Court will grant judgment in favor of Defendant on this claim.

**IT IS THEREFORE ORDERED** granting Defendant's Motion for Judgment on the Pleadings (Doc. 73.)

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend her Amended Complaint only to state a claim for breach of the covenant of good faith and fair dealing (or insurance bad faith) against Defendant Sedgwick, if she so wishes. Any Second Amended Complaint must comply with the Federal Rules of Civil Procedure and the

provisions of this Order. Plaintiff's Second Amended Complaint is due by July 8, 2019.

Dated this 20th day of June, 2019.

Honorable John J. Tuchi
United States District Judge